IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA
- CIVIL DIVISION –

**SILKE COOMBS,**

       Plaintiff,

v.

**KATHRYN DEVRIES MITCHELL,**      CASE NO: _____
**NICHOLAS MAYABB and**
**K. RYAN MEEKS, D.V.M.**

       Defendants.

_____/

## COMPLAINT

Plaintiff, Silke Coombs ("Coombs" or "Plaintiff"), sues Defendants Kathryn de Vries Mitchell ("Mitchell"), an individual, Nicholas Mayabb ("Mayabb"), an individual, and K. Ryan Meeks, D.V.M. ("Meeks"), an individual (collectively "Defendants"), and respectfully alleges the following:

### JURISIDCTION AND VENUE

1. This is an action pursuant to the Florida Administrative Code Rule 5H-26.003, General Requirements Relating To the Sale or Purchase of Horses ("Rule 5H") and the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes ("FDUTPA"). This action seeks statutory relief, including Plaintiff's recovery of actual damages, attorneys' fees, and court costs, pursuant to Rule 5H and FDUTPA.

2. This Court has subject matter jurisdiction pursuant to the provisions of Title 5, Chapter 5H-26, Florida Administrative Code, and Chapter 501, Part II, Florida Statutes.

1

3. The statutory violations alleged in this Complaint occurred in, and/or affect, more than one judicial circuit, including Marion County, Florida.

4. Venue is proper in the Fifth Judicial Circuit, because the actions which are the subject of this lawsuit occurred in Marion County, Florida, Defendants Mayabb and Meeks are residents and conduct business in Marion County, and Defendant Mitchell conducted business in Marion County.

5. The amount in controversy for Plaintiff's claims exceeds $30,000.00, exclusive of interest and costs for this action.

## PARTIES

6. Plaintiff is a resident of King County, Washington, and an interested party or person of Chapter 501, Part II, Florida Statutes and is a Purchaser of a horse in the state of Florida of Rule 5H-26.001, Florida Administrative Code.

7. Defendants Mayabb and Meeks are each residents of Marion County, Florida, and they each conduct business in Marion County, Florida.

8. Defendant Mitchell is a California resident that conducted business in Marion County, Florida, specifically conducting business in Marion County, Florida that is the subject matter of this lawsuit.

9. At all times material hereto, Defendants Mitchell and Mayabb engaged in the "sale and purchases of horses in Florida" as defined in Rule 5H-26.001, Florida Administrative Code.

10. At all times material hereto, Defendants Mitchell and Mayabb engaged in "trade or commerce" as defined in Section 501.203(8), Florida Statutes.

## FACTS RELEVANT TO THE COMPLAINT

11. In March 2022, Plaintiff (through her agents, Mike and May Edwards) had multiple discussions with Defendant Mayabb regarding Plaintiff's desire to purchase a horse owned by Defendant Mitchell, named KM Best Dressed, American Quarter Horse Association ("AQHA") Registration Number 5746541, a bay mare foaled in 2016 ("KM Best Dressed").

12. At all times relevant to this matter, Defendant Mayabb served as the agent for Defendant Mitchell, as Defendant Mayabb was the trainer for KM Best Dressed.

13. After much discussion and several offers, Plaintiff (through her agent, Mike Edwards) agreed to purchase KM Best Dressed from Defendant Mitchell (through her agent, Defendant Mayabb) for $325,000, and Defendant Mitchell was entitled to harvest one (1) embryo from KM Best Dressed (collectively, the "Purchase Price"), subject to Plaintiff's satisfaction with a veterinary pre-purchase examination and a test ride of the horse by Plaintiff's trainer/agent (Mike Edwards) and Plaintiff's daughter (Victoria Coombs).

14. Plaintiff (through her agent, May Edwards) retained Defendant Meeks to perform the veterinary pre-purchase examination of KM Best Dressed, and that examination took place on April 14, 2022.

15. When retained, neither Defendant Meeks nor his staff informed Plaintiff (or Plaintiff's agent, May Edwards) that they had recently performed veterinary work for Defendant Mayabb, Defendant Mitchell, or KM Best Dressed.

16. Defendant Meeks reported to Plaintiff (and Plaintiff's agent, May Edwards), verbally and in writing, that KM Best Dressed was healthy, sound and suitable to be a high-level show horse. Defendant Meeks reported to Plaintiff (and Plaintiff's agent, May Edwards) that KM Best Dressed tested "Negative" to each test and flexion performed on her legs, stating that she was completely sound with no signs whatsoever of lameness.

17. Once Defendant Meeks reported that KM Best Dressed was sound and free from lameness, Plaintiff's agent (May Edwards) contacted Defendant Mayabb, to arrange for the test ride(s) and to ask what veterinary work had been performed on KM Best Dressed, and/or what joint injections had been administered.

18. Plaintiff's agent (May Edwards) specifically asked Mr. Mayabb when KM Best Dressed had most recently received any treatment or joint injections, to which Mr. Mayabb responded (twice) that no recent veterinary work had been performed, and any joint injections would have been in December 2021 or before, but certainly not since December 2021.

19. On April 17-18, 2022, based on Defendant Meeks' report (verbal and written), as well as the representations of Defendant Mayabb and Defendant Mitchell (through her agent) regarding the prior veterinary work and joint injections, Plaintiff proceeded to fly from Washington to Ocala, Florida, with her trainer/agent (Mike Edwards) and daughter (Victoria Coombs), to test ride KM Best Dressed.

20. On the final day of the test ride (April 18, 2022), Plaintiff elected to purchase KM Best Dressed for $325,000, plus Defendant Mitchell reserving one (1) embryo right from KM Best Dressed.

21. Shortly after the verbal agreement to purchase KM Best Dressed, Plaintiff and Defendant Mitchell executed a bill of sale, dated April 18, 2022 and executed on April 18 and 19, 2022 (the "Bill of Sale"), but such Bill of Sale does not comply with Fla. Admin. Code R. 5H-26.004 in multiple respects. (Exhibit A.)

22. The Bill of Sale does not contain any waiver of warranties.

23. Shortly thereafter, Plaintiff paid to Defendant Mitchell the Purchase Price ($325,000).

24. In May 2022, KM Best Dressed was transported to Plaintiff's trainers/agents (Mike and May Edwards), where she was to begin her training to prepare for Plaintiff's daughter to compete at shows, including the NSBA World Show and the AQHA Youth World Championship Show.

25. Shortly after KM Best Dressed arrived in Washington, she competed at a show in Monroe, Washington, running June 2-5, 2022, and during that competition, Plaintiff's trainer (May Edwards) noticed KM Best Dressed was slightly sore (or limping) at that show during a practice session.

26. Plaintiff and her agent (May Edwards) had KM Best Dressed examined by a veterinarian immediately after the show in Monroe, where it was determined that that the primary soreness was in KM Best Dressed's left front leg, at the ankle or below.

27. On June 11, 2022, after the veterinarian determined that KM Best Dressed had lameness in her left front leg and realizing there was a fairly significant problem, Plaintiff's agent (May Edwards) again contacted Defendant Mayabb, asking him what

treatments and veterinarian work had been performed on KM Best Dressed and the last time she had been injected.

28. Defendant Mayabb responded to Mrs. Edwards' inquiry of June 11, 2022 by stating that he was certain KM Best Dressed had not been injected or treated by a veterinarian since December 2021 or before, and he agreed he would find out exactly what veterinarian treatments had been performed on KM Best Dressed in December 2021, and get back to her.

29. On June 13, 2022, Plaintiff's agent (May Edwards) again contacted Defendant Mayabb regarding the veterinarian treatments performed on KM Best Dressed.

30. In response to the June 13, 2022 inquiry, Defendant Mayabb informed Plaintiff's agent (May Edwards) for the first time that Defendant Meeks (who performed the pre-purchase exam on KM Best Dressed on April 14, 2022) had examined and treated KM Best Dressed in March of 2022, and at that time injected several of KM Best Dressed's joints (her hocks, stifles and front feet).

31. Defendant Mayabb eventually disclosed to Plaintiff (through her agent, May Edwards) that Defendant Meeks' treatment of KM Best Dressed (and the multiple joint injections) by Defendant Meeks occurred on March 28, 2022, just 17 days before the pre-purchase examination, which was also performed by Defendant Meeks.

32. Veterinary records confirm that Defendant Meeks conducted a "Lameness Exam" on KM Best Dressed on March 28, 2022, at which time he identified lameness issues that resulted in Defendant Meeks immediately injecting the coffin joints, hocks and stifle joints of KM Best Dressed.

33. KM Best Dressed continued to be lame/sore in June 2022. In an effort to determine the cause of KM Best Dressed's lameness, the treating veterinarian prescribed an MRI, which showed that KM Best Dressed had a deep bone bruise in her left front foot.

34. Due to her lameness, KM Best Dressed (and Plaintiff's daughter) have been forced to miss multiple shows, including the NSBA World Show and AQHA Youth World Championship Show.

35. KM Best Dressed continues to be lame and on stall rest as of the filing of this Complaint.

36. All conditions precedent to this action have occurred or have been waived by Defendants.

## COUNT I
## Violation of Chapter 501 Fla Stat., Florida Deceptive and Unfair Trade Practices "FDUTPA"
### (Against Defendants Mitchell and Mayabb)

37. Plaintiff adopts, incorporates herein and realleges Paragraphs 1 through 36.

38. Section 501.204(1), FDUTPA, declares deceptive acts or practices in the conduct of any trade or commerce to be unlawful.

39. Plaintiff is a "consumer" as defined by Section 501.203(7) of FDUTPA.

40. Section 501.205(1), FDUTPA, authorizes the State of Florida to promulgate rules specifying deceptive acts or practices in trade or commerce.

41. Chapter 5H-26, Florida Administrative Code (F.A.C.), sets forth the rules of the State of Florida pertaining to the sales and purchases of horses.

42. Section 5H-26.003(12), F.A.C., states that a "violation of any provision of Chapter 5H-26, F.A.C., resulting in actual damages to a person, shall be considered an unfair and deceptive trade practice pursuant to Chapter 501, Part II, F.S."

43. Defendants have violated Section 5H-26, F.A.C., governing the sales and purchases of horses, by failing to adhere to the requirements of the rule, and committed additional unfair and deceptive trade practices, all of which constitute violations of FDUTPA.

44. Section 5H-26.003(12), F.A.C., requires that "[w]hen an Owner or its agent provides any medical information in response to an inquiry from a Purchaser or its agent about the medical history of a horse, the Owner or its agent shall accurately disclose all information within its knowledge that is responsive to the inquiry." Plaintiff (through her agent, May Edwards) made multiple inquiries to Defendant Mitchell (though her agent) and Defendant Mayabb regarding the veterinary treatment and history of KM Best Dressed, specifically asking about the need for and most recent joint injections of KM Best Dressed.

45. Defendant Mitchell (through her agent) and Defendant Mayabb responded to Plaintiff's inquires by stating that KM Best Dressed had not received any veterinary treatment or joint injections since December 2021 (or before) and that no recent treatment or joint injections had been provided to KM Best Dressed.

46. Despite Defendant Mitchell and Defendant Mayabb's affirmations, KM Best Dressed was seen by a veterinarian (namely Defendant Meeks) on or about March 28, 2022, at which time she was treated for lameness by joint injections in both (left and right) hocks, stifles and front feet.

47. The information provided by Defendant Mitchell (through her agent) and Defendant Mayabb was false, misleading and material, altering Plaintiff's decision to purchase KM Best Dressed.

48. Section 5H-26.003(1), F.A.C., requires that "[a]ny sale or purchase of a horse or any interest therein in Florida shall be accompanied by a written bill of sale described in Rule 5H-26.004, F.A.C…"

49. Defendant Mitchell and Defendant Mayabb violated Section 5H-26.003(1), F.A.C., as the Bill of Sale provided did not satisfy some or all of subsections (1), (2), (7) and (8) of Section 5H-26.004, F.A.C.

50. Subsection 5H-26-004(1), F.A.C. requires the written bill of sale accompanying the sale or purchase of a horse to include "[t]he name, address, and signature of the Purchaser, the Owner, or their duly authorized agents." Defendants Mitchell and Mayabb violated this section because the bill of sale written did not include the reqauired addresses.

51. Subsection 5H-26-004(2) F.A.C. requires the written bill of sale accompanying the sale or purchase of a horse to include "[t]he name of the horse, and its sire and dam if known." Defendants Mitchell and Mayabb violated this section because the bill of sale written did not include the horse's sire and dam.

52. Subsection 5H-26-004(7) F.A.C. requires the written bill of sale accompanying the sale or purchase of a horse to include the following statement; "[a]s the person signing below on behalf of the Owner, I hereby confirm that I am the lawful Owner of this horse or the Owner's duly authorized agent, and I am authorized to convey legal

title to the horse pursuant to this bill of sale." Defendants Mitchell and Mayabb violated this section because the bill of sale written did not include this statement.

53.     Subsection 5H-26-004(8) F.A.C. requires the written bill of sale accompanying the sale or purchase of a horse to include the following statement; "[a]s the person signing below on behalf of the Purchaser, I understand that any warranties or representations from the Owner or the Owner's agent that I am relying upon in acquiring this horse, including warranties or representations with respect to the horse's age, medical condition, prior medical treatments, and the existence of any liens or encumbrances, should be stated in writing as part of this bill of sale." Defendants Mitchell and Mayabb violated this section because the bill of sale written did not include this statement.

54.     Through their violations of Rule 5H-26, Defendants Mitchell and Mayabb deceived, and induced Plaintiff to buy KM Best Dressed, and thus Plaintiff has suffered actual damages.

55.     Plaintiff has suffered further damages for the full value of KM Best Dressed, as a result of her lameness and her inability to compete in horse shows and equine events.

56.     Defendants' violations of Rule 5H-26, F.A.C., as well as their additional deceptive trade practices, caused Plaintiff actual damages arising from their violation of FDUTPA.

### COUNT II
### Breach of Fiduciary Duty
### (Against Defendant Meeks)

57.     Plaintiff adopts, incorporates herein and realleges Paragraphs 1 through 56.

58. Plaintiff retained Defendant Meeks as her veterinarian, for the purpose of conducting the pre-purchase examination of KM Best Dressed.

59. Defendant Meeks accepted the responsibility of serving as Plaintiff's veterinarian knowing that he owed a fiduciary duty to Plaintiff, was required to provide Plaintiff with special knowledge and expert opinion regarding the health and soundness of KM Best Dressed, and that Plaintiff intended to and would rely upon Defendant Meeks' expertise and opinions in determining whether to purchase KM Best Dressed.

60. The factual circumstances surrounding the relationship between Plaintiff and Defendant Meeks implies reliance, trust, and confidence between the two parties.

61. Plaintiff's retention of Defendant Meeks for the sole purpose of providing a truthful and accurate representation of the health status and treatment history of KM Best Dressed implies Plaintiff's reliance on, and trust in, Defendant Meeks to provide accurate information about KM Best Dressed.

62. Defendant Meeks' acceptance to conduct the pre-purchase examination of KM Best Dressed represents Defendant Meeks' undertaking to advise, counsel, protect, and look out for Plaintiff's best interests in regard to the purchase of KM Best Dressed.

63. Defendant Meeks, as Plaintiff's retained veterinarian, owed fiduciary duties to Plaintiff. These duties included, inter alia, the duty of care, duty of loyalty, duty of full disclosure and duty of good faith and fair dealing.

64. Defendant Meeks breached his fiduciary duties by failing to advise Plaintiff of the existence and extent of his prior treatment of KM Best Dressed, and his knowledge of KM Best Dressed's lameness and "Lameness Exam" that he conducted, as well as the

joint injections that he provided to KM Best Dressed just seventeen (17) days prior to the pre-purchase examination, as set forth in more detail above.

65. Defendant Meeks breach of his fiduciary duties actually and proximately caused, and continues to cause, damages to Plaintiff.

### COUNT III
### Fraudulent Inducement
### (Against Mitchell and Mayabb)

66. Plaintiff adopts, incorporates herein and realleges Paragraphs 1 through 65.

67. Prior to the completion of the transaction, Plaintiff's agent (May Edwards) contacted Defendant Mayabb, to ask what veterinary treatments and work had been performed on KM Best Dressed and/or what joint injections had been administered.

68. Plaintiff's agent (May Edwards) specifically asked Mr. Mayabb when KM Best Dressed had most recently received any treatment or joint injections, to which Mr. Mayabb responded (twice) that no veterinary work had been performed recently, and any joint injections would have been in December 2021 or before, but certainly not since December 2021.

69. As noted, Defendant Mitchell (though her agent) and Defendant Mayabb responded to Plaintiff's inquires by falsely stating that KM Best Dressed had not received any veterinary treatment or joint injections since December 2021 (or before), and that no recent treatment or joint injections had been provided to KM Best Dressed.

70. After the sale of KM Best Dressed was completed, Defendant Mayabb eventually disclosed to Plaintiff (through her agent, May Edwards) that Defendant Meeks had indeed treated KM Best Dressed and injected multiple joints on March 28, 2022, just

17 days before the pre-purchase examination, which was also performed by Defendant Meeks.

71. The false statements made by Defendant Mitchell and Defendant Mayabb to Plaintiff's representative in regard to the veterinary and joint injections given to KM Best Dressed prior to the sale were false.

72. The Defendants knew, or should have known, the falsity of their statements when made.

73. Defendant Mitchell and Defendant Mayabb each knew exactly what treatments KM Best Dressed had received, and when those treatment were given.

74. Defendant Mitchell and Defendant Mayabb misrepresented their knowledge as to the March 28, 2022 treatment to KM Best Dressed, despite Plaintiff (through her agent, May Edwards) specifically inquiring about the treatment multiple times.

75. Plaintiff justifiably relied on the false statements made by Defendant Mitchell and Defendant Mayabb regarding the veterinary treatment and joint injections administered on KM Best Dressed by Defendant Meeks.

76. As a result of Plaintiff's justifiable reliance on Defendant Mitchell and Defendant Mayabb's false statements, Plaintiff purchased KM Best Dressed, thus making Defendants statements material hereto.

77. Plaintiff had no reason to know the falsity of Defendants statements, and further, the statements made by Defendant Mitchell and Defendant Mayabb induced Plaintiff to purchase KM Best Dressed.

78. Plaintiff, reasonably believed Defendant Mitchell and Defendant Mayabb were truthful in their false statements and representations made regarding the veterinary treatment and joint injections of KM Best Dressed, and reasonably relied on Defendants representations and statements of material fact, and, as a result, has suffered damages.

## COUNT IV
### Intentional Misrepresentation
### (Against Defendant Mitchell and Defendant Mayabb)

79. Plaintiff adopts, incorporates herein and realleges Paragraphs 1 through 78.

80. Defendant Mitchell and Defendant Mayabb made multiple misrepresentations and omissions of material fact as to the treatment history of KM Best Dressed, including, but not limited to:

 a. Before purchasing KM Best Dressed, Plaintiff's agent (May Edwards) specifically asked Mr. Mayabb (serving as Defendant Mitchell's agent) when KM Best Dressed had most recently received any veterinary treatment or joint injections, to which Mr. Mayabb responded (twice) that no recent veterinary work had been performed, and any joint injections would have been in December 2021 or before, but certainly not since December 2021.

 b. Defendant Mayabb responded to Plaintiff's inquiry of June 11, 2022 by stating that he was certain KM Best Dressed had not been injected or treated since December 2021 or before.

81. Defendant Mitchell and Defendant Mayabb intended to benefit from Plaintiff's belief that KM Best Dressed's treatment history was accurate and truthful, as they intended Plaintiff to rely on their statements and thus purchase KM Best Dressed.

82. Plaintiff justifiably relied upon Defendant Mitchell and Defendant Mayabb's intentional misrepresentations or omissions of material fact, as Plaintiff purchased KM Best Dressed based upon the misrepresentations and omissions.

83. As a direct and proximate result of Defendants' misrepresentations, Plaintiff has suffered damages, which are to be established at trial.

## COUNT V
## Breach of Implied Warranty
## (Against Defendant Mitchell and Defendant Mayabb)

84. Plaintiff adopts, incorporates herein and realleges Paragraphs 1 through 83.

85. Defendant Mitchell and Defendant Mayabb are merchants with respect to Fla. Stat. Ann. § 672.314, in that they are in the business of marketing and selling horses, and they conduct business in the equine industry.

86. An implied warranty was created by virtue of Fla. Stat. Ann. § 672.314, in that Defendant Mitchell and Defendant Mayabb knew, from the course of dealing, at the time of contracting with Plaintiff to sell KM Best Dressed, the purpose for which Plaintiff was buying KM Best Dressed.

87. Defendant Mitchell and Defendant Mayabb further knew Plaintiff was relying upon their skill and judgment to furnish suitable goods to her.

88. KM Best Dressed is not as warranted or guaranteed, in that she is not suitable to show in AQHA sanctioned shows due to her lameness.

89. Plaintiff did not learn of the full scope of KM Best Dressed's pre-existing defects, and all veterinarian work/treatment performed on KM Best Dressed until after she purchased KM Best Dressed from Defendant Mitchell and Defendant Mayabb.

90. Upon learning of the full scope of KM Best Dressed's pre-existing defects, Plaintiff notified Defendant Mitchell (through her agent) and Defendant Mayabb of the claimed breach of warranty.

91. Plaintiff has suffered damages as a result of Defendant Mitchell and Defendant Mayabb's breach of implied warranty, and is therefore entitled to recover the contract price together, with damages.

## COUNT VI
### Recission
### (Against Defendant Mitchell)

92. Plaintiff adopts, incorporates herein and realleges Paragraphs 1 through 91.

93. Plaintiff agreed to purchase KM Best Dressed in reliance on Defendant Mitchell and Defendant Mayabb's representations regarding KM Best Dressed's health, suitability, and fitness for use.

94. Defendant Mitchell and Defendant Mayabb misrepresented KM Best Dressed's health, suitability, and fitness for use when they failed to disclose KM Best Dressed's pre-existing defects, and all veterinarian work/treatment performed on KM Best Dressed until after Plaintiff purchased KM Best Dressed.

95. Had Defendant Mitchell and Defendant Mayabb accurately disclosed the true nature of KM Best Dressed's health, suitability, and fitness for use, Plaintiff would not have agreed to purchase KM Best Dressed.

96. There has been an equitable breach that warrants rescission because the acts of Defendant Mitchell and Defendant Mayabb constitute false representations, fraud, and/or other grounds for rescission or cancellation of the purchase of KM Best Dressed.

97. Plaintiff has notified Defendant Mitchell that she seeks rescission of her purchase of KM Best Dressed.

98. Plaintiff received no benefits from her purchase of KM Best Dressed other than possession of KM Best Dressed.  Plaintiff has offered to return KM Best Dressed to Defendant Mitchell.

99. This count for rescission is pleaded in the alternative to any claim for legal relief.  To the extent no remedy at law is available, rescission is appropriate.

## PRAYER FOR RELEIF

Plaintiff prays for entry of judgment against Defendants, and each of them, jointly and severally, according to the claims for relief alleged above, as follows:

A. For actual monetary damages according to prove at trial, but in no event less than the jurisdictional requirements of this Court, including but not limited to recission, including a refund of the Purchase Price of KM Best Dressed and payment of all expenses incurred by Plaintiff with respect to KM Best Dressed since her purchase;

B. For attorneys' fees as a matter of law, pursuant to Florida Statute §501.2105;

C. For costs, as allowed by law; and

D. For such other, further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable as a matter of right.

DATED: December 28, 2022					Respectfully submitted,


							SHEEHE & ASSOCIATES, P.A.

							By: *Johanna E. Sheehe*
							PHILLIP J. SHEEHE, ESQ.
							Florida Bar No. 259128
							JOHANNA E. SHEEHE, ESQ.
							Florida Bar No. 119383
							9830 Southwest 77th Avenue
							Suite 215
							Miami, Florida 33156
							Telephone: (305) 379-3515
							Facsimile: (305) 379-5404
							Primary E-Mail:
							Psheehe@sheeheandassociates.com
							Jsheehe@sheeheandassociates.com
							Secondary E-Mail:
							E-filing@sheeheandassociates.com

							*Attorneys for Plaintiff*
							Silke Coombs

# EXHIBIT A

## BILL OF SALE DATED APRIL 18, 2022

SILKE COOMBS (BUYER) AGREES TO PAY $325,000.00 TO KATHRYN MITCHEL (SELLER) FOR THE PURCHASE OF "KM BEST DRESSED" AKA "AMY", A 2016 BAY AQHA MARE WITH AQHA REGISTRATION NUMBER 5746541 (HORSE). BUYER FURTHER AGREES TO PROVIDE AN EMBRYO FROM HORSE TO SELLER. SELLER AGREES TO PAY ALL COSTS/FEES ASSOCIATED WITH BREEDING AND THE PROCUREMENT OF THE EMBRYO, AND, UNDERSTANDS THAT BREEDING AND EMBRYO EFFORTS WILL WORK AROUND HORSE'S SHOW SCHEDULE. BUYER AGREES TO MAKE A REASONABLE EFFORT TO FACILITATE THIS PROCESS AND HORSE WILL BE INSEMINATED AND FLUSHED A MAXIMUM OF THREE TIMES BY JUNE 1, 2023 TO FULFILL THIS AGREEMENT.

_____
KATHRYN MITCHEL
(SELLER)

4/18/2022
DATE

_____
SILKE COOMBS
(BUYER)

4-19-22
DATE