# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

SILKE COOMBS,

    Plaintiff,

v.                                                                          Case No. 5:23-cv-70-JA-PRL

KATHRYN DEVRIES
MITCHELL, NICHOLAS
MAYABB, and K. RYAN MEEKS,

    Defendants.

## ORDER

This case is before the Court on review of Defendants' Notice of Removal (Doc. 1-14 at 3–6).

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Plaintiff, Silke Coombs, filed this case in state court on December 28, 2022. (Doc. 1). Defendants then removed it to this Court, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1-14 at 3–6). But

Defendants have not sufficiently alleged diversity of citizenship. In the Notice of Removal, Defendants list the states of residence of Plaintiff and each of the three Defendants. (*See* Doc. 1-14 at 5). However, "[r]esidence alone is not enough" to establish citizenship. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).

"Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . . ." *Id.* at 1257–58 (alteration in original) (internal quotation marks omitted) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). That a party may be a resident of a certain state does not establish that state as his or her domicile. Thus, the Court cannot discern the citizenships of any of the parties or whether the parties are diverse.

Accordingly, it is **ORDERED** that **no later than February 17, 2023,** Defendants shall file an amended notice of removal identifying the citizenship—not merely the residence—of each party.

**DONE** and **ORDERED** on January 31, 2023.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

2